Case 2:07-cv-00256-CI   Document 19   Filed 05/28/08

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANE JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | ) No. CV-07-0256-CI<br>)<br>) ORDER GRANTING IN PART<br>) PLAINTIFF'S MOTION FOR SUMMARY<br>) JUDGMENT AND REMANDING FOR<br>) ADDITIONAL PROCEEDINGS<br>) PURSUANT TO SENTENCE FOUR 42<br>) U.S.C. § 405(g) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 12, 16.) Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney Stephanie Martz represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS in part** Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings.

**JURISDICTION**

On April 15, 2003, Plaintiff Shane Johnson (Plaintiff) filed for disability insurance benefits (DIB) and supplemental security income benefits (SSI). (Tr. 81-83, 374-376.) Upon initial application, Plaintiff alleged disability due to pain, foot injuries, fibromyalgia,

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 1

rheumatoid arthritis, a leaky heart valve, and problems caused by hepatitis C, with an alleged onset date of March 1, 2000. (Tr. 81, 374.) At the hearing, the alleged onset date was amended to March 2, 2003. (Tr. 486.) Benefits were denied initially and on reconsideration. (Tr. 53-57, 61-63, 378-382, 384-386.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Mary Bennett Reed on November 2, 2005. (Tr. 484-528.) Plaintiff, who was present and represented by counsel, and vocational expert Tom Moreland, testified. The ALJ denied benefits and the Appeals Council denied review. (Tr. 8-10.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 43 years old and had earned a GED. (Tr. 488.) He testified he had past work experience as a cook, bartender, construction laborer, dishwasher, farm laborer, and baker's helper. (Tr. 488-489.) Plaintiff acknowledged he was incarcerated from November 27, 2001, through March 1, 2003. (Tr. 486.) He testified he resides with his partner Terry Edwards. (Tr. 488.) Plaintiff sleeps 3 to 5 hours a night due to restless leg syndrome, feeling as if he is unable to breathe, and paranoia. (Tr. 491.) Plaintiff testified that when he used drugs he used marijuana and heroin. (*Id*.) He testified that he can walk for 20 to 30 minutes and stand 15 to 20 minutes because his heels ache and his feet swell. (Tr. 492.) Plaintiff has low back pain and can lift 15 to 20 pounds. (Tr. 492-493.) He testified that he has not consumed alcohol or non-prescribed drugs

since being released from prison. (Tr. 494.) He has lost jobs due to problems interacting with co-workers and supervisors and has moderate problems interacting with the public. (Tr. 494-495.) Plaintiff took prescribed anti-depressant medication throughout his incarceration. (Tr. 504-505.)

**ADMINISTRATIVE DECISION**

ALJ Reed found Plaintiff met the insured status requirements for DIB through December 31, 2004. (Tr. 28-29.) At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since the amended onset date of March 2, 2003. (Tr. 29-30.) At steps two and three, she found Plaintiff suffered from the severe impairments of "post-status heel and toe fractures, fibromyalgia and hepatitis C" (Tr. 30), but these impairments alone or in combination did not meet or equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 32.) At step two, the ALJ found Plaintiff's "medically indicated depressive and anxiety disorders, and mild tricuspid regurgitation are 'not severe' impairments." (Tr. 30.) ALJ Reed found Plaintiff not fully credible. (Tr. 31.) At step four, she determined Plaintiff had the following residual functional capacity (RFC) to perform a broad range of light work:

> [The claimant] can occasionally balance, stoop, kneel, crouch, and crawl, but no climbing ropes, ladders or scaffolds. He can lift 20 pounds occasionally and 10 pounds frequently, and he has a standing and/or walking capacity of at least six hours out of an 8 hour day, and a sitting capacity of 6 out of an 8 hour workday, with normal breaks.

(Tr. 32-33.)

At step four, based on vocational expert testimony, the ALJ

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 3

determined Plaintiff could perform his past relevant work as a bartender. (Tr. 34.)  Therefore, Plaintiff was not found "disabled" as defined in the Social Security Act at any time through the date of the ALJ decision.  (Tr. 35.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D).  A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).   Such an impairment must result from

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 4

"anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 5

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing material factor to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C) and 1382 (a)(3)(J); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether the DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether alcoholism or drug abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled and there is medical evidence of drug addiction or alcoholism, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs. *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff assigns error to the ALJ's evaluation of the medical evidence and credibility. The first issue is dispositive.

**DISCUSSION**

**A.   Weighing Medical Evidence**

Plaintiff alleges that the ALJ improperly weighed the medical evidence, including finding no severe mental impairment at step two.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 6

(Ct. Rec. 13 at 9-14.)  The Commissioner responds that the ALJ's determinations are based on substantial evidence and should be affirmed.  (Ct. Rec. 17 at 13-17) (physical impairments) and (Ct. Rec. 17 at 18-25) (mental impairments and credibility).

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms.  20 C.F.R. § 4416.929.  Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating or examining physician's opinion is given more weight than that of a non-examining physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004).  If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence.  *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).  In addition to medical reports in the record, the analysis and opinion of a non-examining medical expert selected by the ALJ may be helpful to the adjudication.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989).  Testimony of a medical

expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

Plaintiff alleges the ALJ erred by finding that his mental impairments are not severe. (Ct. Rec. 13 at 7, 9-12.) The Commissioner responds that the ALJ properly weighed the evidence when she reached this conclusion. (Ct. Rec. 17 at 11-23.)

An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005) (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988). If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step. S.S.R. No. 85-28 (1985). Step two, then, is a "de minimus screening device [used] to dispose of groundless claims," *Smolen*, 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when the conclusion is "clearly established by medical evidence." S.S.R. 85-28. The question on review is whether the ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. *Webb*, 433 F.3d at 687; *see also Yuckert*, 841 F.2d at 306.

Several records relate to Plaintiff's mental impairments both before and, more significantly, after the onset date of March 2, 2003.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 8

On November 6, 2001, treating physician J. Tucker Neilson, M.D., opined that Plaintiff "seems emotionally unfit to be in any employment at this time." (Tr. 316.) The ALJ properly gave this opinion little weight because Dr. Neilson admitted his evaluation was incomplete, Plaintiff was noncompliant with evaluation instructions, and he had only treated Plaintiff for three months. (Tr. 30.) The ALJ also observed that, following this opinion, Plaintiff did not return to Dr. Neilson for eighteen months. Each is a specific and legitimate reason supported by substantial evidence.

Plaintiff was incarcerated until March 1, 2003. While incarcerated, Plaintiff was given several psychotropic medications for his mental impairments, including prozac, trazadone, and effexor. (Tr. 401-408.) These records were submitted to the Appeals Council but not to the ALJ. (Tr. 7A.)

In an evaluation dated September 9, 2003 (six months after onset), Daryl Birney, Ph.D., evaluated Plaintiff and diagnosed depressive disorder, NOS, anxiety disorder, NOS, and alcohol, cocaine, and opioid dependence in sustained full remission. (Tr. 335.) Dr. Birney opined that Plaintiff has some problems with depression and with anxiety. (*Id.*) He assessed a current GAF of 60, the same GAF as Plaintiff's highest estimated in the past year.[1] (*Id.*) Contrary to the DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, the ALJ opined that

---

[1] A GAF of 60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers and co-workers). DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4th Ed., (DSM-IV), at 32.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 9

the assessed GAF of 60 indicates "only very low moderate symptoms or difficulty in occupational functioning." (Tr. 31.) The ALJ notes Dr. Birney's opinion, "based on [his] very brief exam," that Plaintiff appeared of average intellect with good comprehension, was able to do calculations, had good recall, and although Plaintiff reported a diagnosis of depression, "he did not endorse having any significant depressive and anxiety-related symptomology at that time; and he was not found to have any significant deficits in his mental functioning." (Tr. 31.) This is the extent of the ALJ's analysis of Dr. Birney's opinion.

Nearly two years after onset, on March 1, 2005, Plaintiff was evaluated by Debra D. Brown, Ph.D. (Tr. 352-359.) Dr. Brown ultimately opined that Plaintiff will be able to work, but she assessed moderate limitations in several areas of functioning: the ability to exercise judgment and make decisions; interact and relate appropriately with supervisors, the public, and co-workers; respond appropriately to and tolerate the pressures and expectations of a normal work place, and control physical or motor movements and maintain appropriate behavior. (Tr. 357-358.) She assessed personality disorder NOS, with borderline, antisocial, and paranoid traits. (Tr. 355.) The ALJ rejected Dr. Brown's assessed limitations as:

> [N]ot supported by her own report or other evidence of record. First, it is noted that this was an isolated one-time examination, and by her own report, he over-reported on his personality assessment index (PAI), and therefore, no assessment should be made based on his subjective reporting, since he is not credible. The undersigned further notes that his only arrests were alcohol and drug related, and that since his release (and discontinuance of substance abuse) he has had no other arrests, which cast doubt on limitations based on a severe personality disorder. The

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 10

>claimant testified to leaving jobs because he moved or the business closed down, and specifically denied any interpersonal conflicts with supervisors and co-workers, which would not be consistent with the limitations assessed by Dr. Brown. He also reported having no difficulty living with 12 other tenants at a restoration treatment house, and that because he was a model peer, he got to stay longer than the [usual] 12 months . . . . He further reported having no disciplinary problems while in prison and he has been able to maintain a relationship with his girlfriend . . . . He also testified that he attended AA after his release, . . . for upwards of 90 sessions a month, which further demonstrates his ability to interact with others without difficulty. She also assessed a limitation in exercising judgment, however, that appears to be solely related to his substance abuse and behavior when using. . . .
>
>. . . The undersigned further notes that personality disorders are generally long-standing in nature, and given the claimant's demonstrated ability to work in the past, as well as the above analysis, any limitations indicated by Dr. Brown are rejected as not supported. It should also be noted that despite the claimant's reports of sobriety, he did drink just two days before this March 1, 2005 evaluation.

(Tr. 31-32.) The ALJ went on to adopt the agency psychologists' opinion that Plaintiff's mental impairments are not severe. (Tr. 33.)

The medical evidence does not clearly support the ALJ's step two finding with respect to the severity of Plaintiff's mental impairments. As noted, impairments should not be rejected at step two as non-severe unless the medical evidence clearly establishes only a slight abnormality that has no more than a minimal effect on an individual's ability to work. With the exception of the consulting psychologists, all of the psychologists who evaluated Plaintiff found more than a slight abnormality in mental functioning.

**B.  Remedy**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision at step two that Plaintiff does not have a mental impairment or has one that is non-severe is not clearly

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 11

supported by the medical evidence.  Because the ALJ committed this error at step two, the case is remanded for further proceedings.  The court expresses no opinion as to what the ultimate outcome on remand will or should be.  On remand, the ALJ will conduct a new sequential evaluation, including determining at step two whether Plaintiff suffers from a severe mental impairment, alone or in combination with Plaintiff's other impairments.  The ALJ should consider the record in its entirety, including medical and other opinions.  If Plaintiff is found disabled, the ALJ must conduct an analysis pursuant to *Bustamante v. Massanari*, 272 F.3d 949 (9th Cir. 2001), to determine the effects of substance abuse.  Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **GRANTED in part**.  The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2.  Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **DENIED.**

3.  An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED May 28, 2008.

                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 12